**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ALFRED SCALES (#524748)**                                **CIVIL ACTION NO.**

**VERSUS**                                                              **21-206-SDD-EWD**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 23, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALFRED SCALES (#524748)**            **CIVIL ACTION NO.**

**VERSUS**            **21-206-SDD-EWD**

**DARREL VANNOY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, as amended, filed by Alfred Scales ("Scales"), who is representing himself and who is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.[1] The habeas claims in this case should be dismissed. The only claim in the original habeas petition was not properly supported, and the claims in the amended petition are untimely because they do not relate back to the date the original petition was filed. No evidentiary hearing is required.[2]

### I. PROCEDURAL HISTORY

On August 9, 2012, Scales was indicted on two counts of second degree murder for the deaths of James Brown and Jamie Davenport, in violation of La. R.S. 14:30.1.[3] After a jury trial, Scales was found guilty of both counts.[4] The trial court sentenced Scales to two mandatory life sentences without the benefit of probation, parole, or suspension of sentence.[5]

---

[1] R. Docs. 1 & 15.
[2] Respondents filed their Procedural Objections & Answer in Opposition to Petitioner's Original & Amended Writ of Habeas Corpus on March 20, 2024, raising the argument that the amended petition was untimely. On April 22, 2024, the Court ordered Scales to file a reply memorandum, by no later than May 16, 2024, to address Respondents' argument. Almost three months have passed since the deadline. Scales did not file anything in response to the Court's Order and did not ask for additional time.
[3] R. Doc. 11-19, p. 13.
[4] R. Doc. 11-1, pp. 7-30. Scales was found guilty on Count 1 by a 10-2 verdict. The jury verdict was unanimous as to Count 2. R. Doc. 11-17, p. 31.
[5] R. Doc. 11-19, p. 11.

Scales filed a direct appeal with the Louisiana Court of Appeals for the First Circuit ("First Circuit"), arguing that the evidence was not sufficient to support the jury's verdicts on the charges, and challenging the validity of the non-unanimous jury verdict on Count 1.[6] The First Circuit affirmed the convictions and sentences.[7] Scales sought review at the Louisiana Supreme Court,[8] which was denied on September 18, 2015.[9]

On December 2, 2016, Scales filed an application for post-conviction relief ("PCR application") with the state trial court.[10] In the PCR application, he raised the following two grounds for relief, both arising from ineffective assistance of counsel: 1) trial counsel was ineffective for failing to investigate his mental health background and military service; 2) and for failing to investigate/view the crime scene.[11] The state opposed the PCR application. On April 3, 2018, the state trial court denied the PCR application.[12] Scales sought appellate review, and the state collateral review proceeding remained pending until March 23, 2021, when the Louisiana Supreme Court denied review.[13] On April 8, 2021, Scales filed his original habeas petition in this Court.[14]

---

[6] R. Doc. 11-8, pp. 6-38.
[7] *State v. Scales*, 2014-0136 (La.App. 1 Cir. 9/19/14), 2014 WL 4667590.
[8] R. Docs. 12-1 through 12-3.
[9] *State v. Scales*, 2014-2201 (La. 9/18/15), 178 So.3d 139.
[10] R. Doc. 11-3, pp. 1-13.
[11] R. Doc. 11-3, pp. 21-37.
[12] R. Doc. 11-4, p. 1.
[13] *State v. Scales*, 2021-154 (La. 3/23/21), 312 So.3d 1096.
[14] R. Doc. 1, p. 15. The original habeas petition is dated April 8, 2021, but was not filed with this Court until April 9, 2021. The petition will be considered filed as of the date it is signed under the prison mailbox rule. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (Based on the prison mailbox rule, which generally applies to the court filing of documents by Louisiana inmates representing themselves, an inmate's pleadings are considered filed on the date they are presented to prison officials or placed into the prison mailing system for transmission to the court, not on the date that they are ultimately received or docketed by the court.); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).

**II.    LAW & ANALYSIS**

In the original habeas petition, the only claim raised is "Ineffective Assistance of Counsel (6th Amendment)," with no supporting facts.[15] Scales' bare claim of ineffective assistance of counsel in the original petition should be dismissed.[16] Scales filed an amended petition more than a year after his conviction became final that adds new claims and facts about the ineffective assistance of counsel claim, but Scales' original petition can only be saved if the amended petition, relates back to the date the original petition was filed. New claims raised for the first time in the amended petition can also not be considered unless the amendment relates back. Because the amended petition does not relate back, all claims in this case should be dismissed.

**A. The Original Habeas Petition was Timely**

Under 28 U.S.C. § 2244(d), federal habeas claims are generally subject to a one-year statute of limitations. This period begins to run on the date the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[17] If a petitioner stops the direct appeal process before without going through all levels of available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[18] The time during which a "properly filed" application for state post-conviction or other collateral review is "pending" in the state courts is not be counted toward the one-year limitations period.[19] On the other hand, any time when there are no properly-filed, post-conviction or collateral review proceedings pending before the state courts counts toward the one-year period.

---

[15] R. Doc. 1, p. 5.
[16] *See Tujuan Estaisyo Session v. Stephens*, No. 15-0644, 2016 WL 769995, at *3 (N.D. Tex. Feb. 8, 2016), report and recommendation adopted, No. 15-0644, 2016 WL 759645 (N.D. Tex. Feb. 26, 2016) ("bare claims of ineffective assistance of counsel are clearly vague and insufficient to plead a Sixth Amendment claim"). *See also Patterson v. Davis*, No. 15-322, 2016 WL 7429463, at *4 (N.D. Tex. Nov. 7, 2016) ("Petitioner's grounds of ineffective assistance of trial counsel are conclusory and should be summarily dismissed.").
[17] 28 U.S.C. § 2244(d)(1)(A).
[18] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[19] 28 U.S.C. § 2244(d)(2).

A state post-conviction relief application is considered "pending" (1) while it is before a state court for review; and (2) during the time authorized to file a timely application for further review at the next level of state consideration (thirty days in the State of Louisiana, unless an *allowable* extension is granted).[20]

Scales' conviction became final on December 18, 2015,[21] and the time to file his federal habeas petition began to run on December 19, 2015. Nearly one year later, on December 2, 2016, Scales filed a PCR application with the state trial court.[22] At that time, 349 days had passed which counted towards the 365 days he had to file his federal habeas application. His PCR application remained pending until March 23, 2021, when the Louisiana Supreme Court denied relief on review.[23] From that point until he filed the original habeas petition with this Court on April 8, 2021, another fifteen (15) days passed. Therefore, Scales timely filed the original habeas petition with one day left in the limitations period.

### B. The Only Claim in Scales' Original Habeas Petition Was Not Properly Supported

The Supreme Court has explained that habeas applications require more information than what would satisfy the "fair notice" standard that applies to other civil complaints.[24] Rather than just "fair notice of what the plaintiff's claim is and the grounds upon which it rests," petitioners in habeas cases must "specify all the grounds for relief available" to them and "state the facts supporting each ground."[25] Notice pleading is not enough in a habeas case; rather, the petition

---

[20] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).
[21] As noted above, Scales filed a direct appeal, and direct review ended when the Louisiana Supreme Court denied review on September 18, 2015. Scales then had ninety (90) days to go to the United States Supreme Court. Because he did not, his conviction became final at the end of that 90-day period.
[22] R. Doc. 11-3, pp. 1-13.
[23] *Scales*, 312 So.3d 1096.
[24] *Mayle v. Felix*, 545 U.S. 644, 658-662 (2005).
[25] Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Corpus Rules").

4

must state facts that point to a real possibility of constitutional error.[26] The model form available to help prisoners file their habeas petitions specifically instructs as follows:

> **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.[27]**

Right beneath this warning in his original habeas petition, Scales listed the only ground for relief as "Ineffective Assistance of Counsel (6th Amendment).[28] "Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."[29] In fact, it is not possible to find merit in an ineffective assistance of counsel claim if the habeas petition does not provide details regarding the alleged errors and omissions, a specific showing of how those alleged errors and omissions were constitutionally deficient, and how they prejudiced the petitioner's right to a fair trial.[30] The section that asks for supporting facts for this claim is blank. Therefore, the ineffective assistance of counsel claim in the original petition should be dismissed because it is not properly supported. However, in the amended petition, Scales again raises the ineffective assistance of counsel claim and adds a claim for insufficiency of the evidence.[31] He provides details regarding the ineffective assistance of counsel claim that were not given in the original habeas petition. Specifically, he alleges that his trial counsel was ineffective for failure to

---

[26] *Mayle*, 545 U.S. at 655, citing Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C. p. 471.
[27] R. Doc. 1, p. 5 (emphasis in original).
[28] *Id.* Scales also tried to raise a claim regarding his conviction on one count by a non-unanimous jury in the original petition (R. Doc. 1, p. 3), but he later withdrew that claim. R. Docs. 6, 7.
[29] *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), citing *Ross v. Estelle*, 694, F.2d 1008, 1012 (5th Cir. 1992).
[30] *Barnard v. Collins*, 958 F.2d 634, n. 11 (5th Cir. 1992) ("Barnard makes other conclusory allegations that his counsel rendered ineffective assistance. In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we conclude that there is no merit to these additional contentions.").
[31] R. Doc. 15, pp. 18-26. To the extent Scales raises a claim that he was not competent to stand trial (R. Doc. 15, p. 26), that claim was not raised in the original habeas petition and should be dismissed for the same reasons.

investigate the crime scene and failure to investigate/raise Scales' competency/sanity. He also addresses prejudice in the amended petition. Because the amended petition was filed after the one-year time period to file a federal habeas claim expired, the details about Scale's ineffective assistance of counsel claim and any additional claims raised in the amended petition can only be considered if the amendment relates back to the filing of the original habeas pleading. Otherwise, all claims are untimely.

### C. The Claims and Facts in the Amended Petition Do Not Relate Back to the Filing of the Original Petition

Federal Rule of Civil Procedure 15, and the rules developed related to Rule 15, apply to habeas cases.[32] Amendments to pleadings made after the statute of limitations has run can relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence."[33] Even though Scales stated ineffective assistance of counsel as a ground for relief in the original habeas petition, that is not enough for the facts in the amended petition to relate back because he did not originally state any facts supporting this ground for relief. For a claim to relate back, it is not enough that the new claim arises from the same constitutional provision.[34] "Just because the new claims fall under the same category, such as ineffective assistance, does not cause them to automatically relate back."[35] Essentially, because Scales did not provide any factual support for the ineffective assistance of counsel claim in the original habeas

---

[32] 28 U.S.C. § 2242;
[33] *Mayle*, 545 U.S. at 655, citing Federal Rule of Civil Procedure 15(c)(2).
[34] *See Castillo v. Dir., Texas Dep't of Crim. Just., Corr. Institutions Div.*, No. 18-200, 2021 WL 6137161, at *4 (N.D. Tex. Nov. 2, 2021), report and recommendation adopted, No. 18-200, 2021 WL 6135323 (N.D. Tex. Dec. 29, 2021) citing *U.S. v. Gonzales*, 592 F.3d 675, 680 (5th Cir. 2009); *Desormeaux v. Dir., TDCJ-CID*, No. 13-566, 2021 WL 11007995, at *4 (E.D. Tex. June 14, 2021), report and recommendation adopted sub nom. *Desormeaux v. Dir., TDCJ-ID*, No. 13-566, 2023 WL 5751428 (E.D. Tex. Sept. 6, 2023) ("new claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance of counsel claims merely because they violate the same constitutional provision.").
[35] *Streaty v. United States*, No. 17-59, 2021 WL 485705, at *4 (N.D. Tex. Feb. 10, 2021), citing *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009)

petition, there was nothing for the amended petition to relate back to.[36] The other claim(s) Scales raises for the first time in the amended petition do not arise out of the same conduct, transaction, or occurrence at all, so they also do not relate back to the filing of the original habeas petition. Therefore, all claims in the original and amended petitions should be dismissed.[37]

### D. Certificate of Appealability Should be Denied

Should Scales want to appeal a decision dismissing his habeas case, a certificate of appealability should be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[38] Although Scales has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability.[39] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[40] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[41] In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

---

[36] *See Gonzalez*, 592 F.3d 675, 680 (concluding that the petitioner's amendment to add new claims of ineffective assistance of counsel did not relate back to the filing of the original petition because the petitioner raised new kinds of ineffective assistance based on new facts). Here, Scales provided no facts to support his claim in the original petition.
[37] Scales was instructed by the Court to address Respondents' arguments about the untimeliness of the amended petition but did not do so. R. Doc. 20. Because Scales did not request equitable tolling or provide any information that might support such a claim, the issue is not reached in this Report.
[38] 28 U.S.C. § 2253(c)(1)(A).
[39] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[40] 28 U.S.C. § 2253(c)(2).
[41] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

encouragement to proceed further."[42]  Here, reasonable jurists would not debate the denial of Scales' habeas application or the correctness of the procedural rulings.  Therefore, if Scales seeks to file an appeal in this case, a certificate of appealability should be denied.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, as amended, filed by Alfred Scales be **DENIED** and that this case be **DISMISSED WITH PREJUDICE**, as the only claim in the original habeas petition was not properly supported, and the claims in the amended petition are untimely because they do not relate back to the filing of the original petition.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be denied if Scales seeks to pursue an appeal in this case.

Signed in Baton Rouge, Louisiana, on August 23, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[42] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).